UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KNOX HILLS, LLC,     Plaintiff,

v.     Civil Action No. 3:14-cv-00841-DJH

AMBAC ASSURANCE CORPORATION,     Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Knox Hills, LLC seeks to remand this case to Hardin Circuit Court. (Docket No. 9) Because Defendant Ambac Assurance Corporation has not shown that the Court possesses subject matter jurisdiction, the motion to remand will be granted.

### I. BACKGROUND

Knox Hills filed this action in state court seeking to compel arbitration of a contractual dispute with Ambac under the Federal Arbitration Act.[1] (D.N. 1-1) The Complaint alleges that Knox Hills is a limited liability company whose members are citizens of Delaware and New York and that Ambac is a corporation with a principal place of business in New York. (*Id.* at 1) Nonetheless, Ambac removed the case to federal court on the basis of diversity jurisdiction, claiming that the parties are diverse because Ambac "has located no evidence that Knox Hills actually has any members who are citizens of the state of New York." (D.N. 1 at 3 ¶ 5)

Knox Hills contends that the case should be remanded because the parties do not meet the diversity requirements of 28 U.S.C. § 1332. In response, Ambac argues that Knox Hills'

---

[1] No federal question jurisdiction arises from the Federal Arbitration Act itself. Rather, in actions to compel arbitration, federal jurisdiction only exists to the extent it would exist independent of the Act. *See* 9 U.S.C. § 4 (providing for action before a federal district court "which, save for such [arbitration] agreement, would have jurisdiction under Title 28"); *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)).

citizenship remains unclear and that the Court should deny the motion to remand and permit jurisdictional discovery. (D.N. 14)

## II. ANALYSIS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Therefore, the removing party has the burden of establishing federal court jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Because Ambac removed this case based on diversity jurisdiction, it must show by a preponderance of the evidence that (1) the suit is between citizens of different states and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a); *see also Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006); *Rogers*, 230 F.3d at 871. Failure to satisfy either of these requirements defeats diversity jurisdiction. In this case, Ambac has failed to show that the parties are diverse.

### A. Diversity of Citizenship

Generally, in a case removed to federal court, "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l*, 392 F.3d 195, 210 (6th Cir. 2004); *Rogers*, 230 F.3d at 871 (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)). Here, the Complaint alleges that Knox Hills is a citizen of Delaware and New York and that Ambac is a citizen of New York. Thus, not only does the Complaint lack facts establishing diversity jurisdiction, it states facts that *preclude* jurisdiction. *See* 28 U.S.C. 1332(a) (requiring parties to be citizens of different states).

In the face of these allegations, Ambac has failed to present the Court with any evidence that the parties are actually diverse. Instead, Ambac maintains that removal is proper because it has not located any evidence confirming that Knox Hills is a New York citizen. (*See* D.N. 1 at 3 ¶ 5) But even if Ambac were able to generate some doubt regarding Knox Hills' citizenship, its burden would not be met, as the Court must resolve all doubts against removal. *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006)). Because Ambac has failed to establish a necessary element of diversity jurisdiction, this matter must be remanded.

### B. Ambac's Request for Jurisdictional Discovery

In an attempt to prevent remand, Ambac asks that the Court "retain jurisdiction" and permit jurisdictional discovery. (D.N. 14 at 5) This request is misplaced; the Court cannot retain what it never possessed. It was Ambac's burden to prove the Court's jurisdiction. In the absence of such proof, the Court must presume that it lacks subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *Turner v. Bank of North America*, 4 U.S. 8, 11 (1799)).

Moreover, allowing post-removal discovery regarding diversity would "frustrat[e] the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007); *see also May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 949–55 (E.D. Ky. 2010) (discussing in detail policy issues arising from post-removal jurisdictional discovery). A removing defendant "must be able to demonstrate, *at the moment of removal*, that the case meets the requirements for federal jurisdiction." *May*, 751 F. Supp. 2d at 955. Ambac's inability to do so does not entitle it to discovery. Its request is therefore denied.

### III.   CONCLUSION

Ambac has failed to demonstrate that the Court has subject matter jurisdiction over this case.  Accordingly, it is hereby **ORDERED** that the Motion of Plaintiff Knox Hills to Remand (D.N. 9) is **GRANTED**.  This case is **REMANDED** to Hardin Circuit Court and **STRICKEN** from this Court's active docket.  All other pending motions are **DENIED** as moot.

 March 20, 2015

**David J. Hale, Judge**
**United States District Court**
